[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2007
THOMAS K. KAHN
CLERK

No. 07-13407
Non-Argument Calendar

_____

D. C. Docket No. 06-81290-CV-KLR

ELIZABETH KANE,

Plaintiff-Appellant,

versus

LANNY ROSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 18, 2007)**

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Elizabeth Kane appeals the district court's order dismissing with prejudice

her 11-count complaint against Lanny Rose alleging, *inter alia*, violation of federal and Georgia securities laws and negligent misrepresentation. The claims arose from the collapse of KL Group, a defunct Florida "hedge fund" currently in the midst of SEC-initiated receivership proceedings in the Southern District of Florida. Rose, a securities broker, allegedly acted as an agent or employee of KL in advising Kane to invest in the fund.

Kane, a Georgia resident, originally filed her complaint in Georgia state court. Rose, a Florida resident, then removed to the Northern District of Georgia. Kane's counsel corresponded with the KL receiver and his attorney, who stated that he believed Kane's suit could proceed separately from the receivership case rather than as an ancillary action to it. The first district court disagreed, and dismissed the case without prejudice, believing it should have been filed as an ancillary action to the receivership case in the Southern District of Florida. Kane then re-filed her complaint in that district as an ancillary action. In addition to damages, Kane also sought a declaratory judgment that her suit was not subject to the anti-suit injunctions of the receivership case management orders, referred to jointly hereinafter as "the stay."[1]

_____

[1] The first such order, establishing the receivership itself, prohibits investors from "disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the receiver or which affect the [receivership] property." The second order, addressing case management, enjoins "any party" with notice from "filing . . . in any court

On motion of the defendant, the district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (7). In particular, the district court concluded that (i) the suit was subject to the stay, and also (ii) that the Rose-Kane case could not proceed because the stay rendered infeasible the joinder of the entities in receivership, who were indispensable parties to the Rose-Kane action.[2] The district court also noted that the equities favored dismissal, *i.e.* denying relief from the stay, because permitting the litigation to proceed would cause significant depletion of receivership assets, and because Kane was not deprived of a forum as she could file a proof of claim against the receivership estate.

On appeal, Kane does not argue that her suit is outside the stay. Rather, Kane essentially argues that the district court abused its discretion in dismissing the case with prejudice.

The dismissal of a complaint for failure to state a claim is reviewed de novo. See, e.g., Arthur v. King, 500 F.3d 1335, 1339 (11th Cir. 2007). But we review for

---

any proceeding, suit, or action that may diminish or usurp property of the Receiver or the Receivership Entities including . . . any causes of action that may belong to any investors . . . against . . . the Receivership entities, their former principals, professionals . . . service providers, or other third parties" except as ancillary actions. Rose was alleged to have acted as a KL employee or agent, and to have been paid for his referral by KL. It is also uncontested that the defenses he planned to assert would require significant participation by the receiver in this case. Thus, the suit against him is within the scope of the stay.

[2] The district court also dismissed some counts for failure to state a claim. Those dismissals are not on appeal.

abuse of discretion a dismissal for failure to join an indispensable party. Laker Airways v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999). Decisions about whether dismissal should be prejudicial – that is, without leave to amend or refile – are also reviewed for abuse of discretion. See, e.g., Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Generally, discretion is abused when a court applies an incorrect legal standard or applies a correct standard unreasonably, fails to follow proper procedures, bases its determination on facts that are clearly erroneous, or imposes a disadvantage on someone that is unnecessarily broad and results in no offsetting gain to anyone else or society at large. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) (citations omitted).

We conclude the district court abused its discretion in dismissing the entire complaint with prejudice. The court concluded that some claims failed to state a basis for relief, and that determination is not before us. Yet the court also concluded, correctly, that all of Kane's claims were currently enjoined by the stay and that the stay rendered infeasible the joinder of necessary parties. The court then dismissed with prejudice, concluding an amendment would be futile because any amended complaint would also run afoul of the stay. It is apparent, however, that the stay does not render the instant claims futile for all time. By their terms, these anti-suit injunctions will last only for the duration of the receivership case.

4

Kane is not, and will not be, enjoined from suing Rose thereafter. In particular, if Kane cannot be made whole through a claim against the receivership, and can state a cause of action against Rose individually after the receivership is wound up or after obtaining relief from the stay, she should not be precluded from prosecuting her claims against Rose by a judgment entered solely on account of an anti-suit injunction that will no longer enjoin those claims.[3]

For these reasons, we vacate the district court's dismissal order except for Part II.C, and remand for dismissal of the remaining counts without prejudice.

**VACATED AND REMANDED**.

---

[3] Kane raises two other issues. First, she argues the district court should have entered an order specifically stating the statute of limitations was tolled on her action against Rose during the pendency of the receivership. The district court was within its discretion in declining to do so. Tolling should be addressed, if necessary, if Kane is not made whole by a claim against the receivership estate and she asserts an amended claim against Rose thereafter. It was particularly appropriate to defer consideration of equitable tolling because Kane may not be entitled to it if she is not diligent in the receivership proceedings. Kane's argument that the district court erred by not ruling on her declaratory judgment claim also lacks merit; that claim was dismissed.